UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1219-JGB (KK)** | Date: | June 19, 2020 |
| Title: | *Haoren Ma v. Loretta E. Lynch, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed

## I.
## BACKGROUND

On June 15, 2020, Tina Honglin Guan, purportedly on behalf of her husband, Petitioner Haoren Ma ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging Petitioner's "unlawful prolonged detention" at the Adelanto Detention Facility.  ECF Docket No. ("Dkt.") 1.  The Petition, however, appears subject to dismissal because it is not signed by Petitioner.  The Court will not make a final determination regarding whether the federal Petition should be dismissed without giving Petitioner an opportunity to address this issue.

## II.
## DISCUSSION

Petitioner Haoren Ma did not sign the Petition.  The district court may dismiss or refuse to file a petition that is unsigned or unverified by the petitioner.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990); Application of Gibson, 218 F.2d 320 (9th Cir. 1954), cert. denied, 348 U.S. 955 (1955).  In addition, while Petitioner's wife, Tina Honglin Guan, purports to bring this action pro se on behalf of Petitioner, a non-lawyer may not represent in litigation anyone other than himself or herself.  See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

///

## III.
## ORDER

The Petition, therefore, appears subject to dismissal. Hence, **no later than July 9, 2020** Petitioner is ORDERED TO SHOW CAUSE why the Petition should not be dismissed. Petitioner must respond in writing by either (a) clearly explaining why the deficiency referenced above does not warrant dismissal; or (b) filing a First Amended Petition curing the above referenced deficiency. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for his failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record and on Tina Honglin Guan at the return address on the envelope in which she mailed the Petition to the Court.

**IT IS SO ORDERED.**