O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAOREN MA,<br><br>                    Petitioner,<br><br>          v.<br><br>LORETTA E. LYNCH, ET AL.,<br><br>                    Respondent. | Case No. EDCV 20-1219-JGB (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION |

**I.**

**INTRODUCTION**

Petitioner Haoren Ma ("Petitioner") proceeding pro se has filed a First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("FAP") challenging his "unlawful prolonged detention" at the Adelanto Detention Facility by United States Immigration and Customs Enforcement ("ICE").  ECF Docket No. ("Dkt.") 5.  As discussed below, the Court finds the FAP is moot and thus, summarily DISMISSES this action without prejudice.

///

///

///

///

## II.

## **BACKGROUND**

On June 15, 2020, Tina Honglin Guan, purportedly on behalf of Petitioner, her husband, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging Petitioner's "unlawful prolonged detention" at the Adelanto Detention Facility. Dkt. 1. On June 19, 2020, the Court issued an Order to Show Cause Why this Action Should Not Be Dismissed because the Petition was not signed by Petitioner. Dkt. 3.

On June 26, 2020, Petitioner constructively filed[1] the operative FAP challenging his "unlawful prolonged detention" at the Adelanto Detention Facility by ICE. Dkt. 5. Petitioner alleges he was arrested on May 20, 2020. Id. at 2. Petitioner argues his continued detention by ICE is unlawful because he was previously detained by ICE "for more than 6 months from 9/2015 to 4/2016 waiting for deportation." Id.

On August 13, 2020, Respondents filed a Motion to Dismiss the FAP. Dkt. 8.

On September 24, 2020, the Magistrate Judge issued a Report and Recommendation recommending the Motion to Dismiss be denied. Dkt. 12.

On October 8, 2020, Respondents filed a Notice that Petitioner had been released from ICE custody on August 19, 2020 pursuant to an Order of Supervision. Dkt. 14 at 5, Declaration of Christopher Martin ("Martin Decl."), ¶ 3.

On October 9, 2020, the Court issued an Order requiring Petitioner to file a response explaining why the instant matter is not moot ("Order"). Dkt. 15. The Order directed Petitioner to file a response by October 16, 2020. Id.

Petitioner has failed to file a response to the Court's Order or request an extension of time to do so.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# III.

# DISCUSSION

## THE PETITION IS SUBJECT TO DISMISSAL AS MOOT

**A.  APPLICABLE LAW**

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988).  A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998).  To present a live case or controversy, and thus avoid dismissal on the ground of mootness, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Cont'l. Bank Corp., 494 U.S. 472, 478 (1990) (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)).  "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997).

For habeas petitioners, release from detention does not necessarily moot a claim.  See Abdala v. I.N.S., 488 F.3d 1061, 1063 (9th Cir. 2007).  "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Id. at 1064.

**B.  ANALYSIS**

Here, Petitioner challenges his continued detention and seeks release from ICE custody.  See dkt. 5, FAP.  Petitioner, however, has now been released from ICE custody.  Thus, there is no further relief this Court can provide.  See Picrin–Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, [petitioner] has requested only release from custody.  Because he has been released, there is no further relief we can provide."); Chen v. Mukasey, No. SACV 08-1151-TJH (JWJ), 2009 WL 1269764 (C.D. Cal. May 4, 2009) (dismissing as moot petition solely seeking relief from immigration detention after petitioner was released from

ICE custody).  Moreover, Petitioner has not identified (nor has the Court identified) any "collateral consequence" that may be redressed by success on the FAP.  <u>Abdala</u>, 488 F.3d at 1064.

Accordingly, the FAP is moot and warrants dismissal.[2]

## IV.
## **ORDER**

Thus, it is ORDERED that Judgment be entered summarily DISMISSING this action without prejudice as moot.

Dated: November 6, 2020

HONORABLE JESUS G. BERNAL
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

---

[2] Additionally, while Petitioner's confinement may be capable of repetition, there is no indication the duration of the detention is "too brief ever to be fully litigated" by filing a new habeas corpus petition.  <u>See</u> <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 528 (9th Cir. 1996) (discussing an exception to the mootness rule where there is a reasonable probability that the petitioner will again be subject to the challenged activity and the "duration of the challenged conduct is too brief ever to be fully litigated prior to its cessation").

4